1  Alfred Fadel, Esq., CSB # 42222
   Michael I. Wayne, Esq., CSB #169840
2  **GIBBS, GIDEN, LOCHER & TURNER LLP**
   **2029 Century Park East, 34th Floor**
3  **Los Angeles, California 90067-3039**
   **(310) 552-3400**
4  **Fax (310) 552-0805**



FILED

MAY - 1 2007

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

5  Attorneys for CONTINENTAL
   INVESTMENT PROPERTIES, INC.
6

7            **UNITED STATES BANKRUPTCY COURT**

8      **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

9

| | |
|---|---|
| 10  IN RE: | Case No.: RS06-13841-MG   BY FAX |
| 11  STEPHEN EDWARD TURNER, | |
| 12      Debtor (s). | Adv. No. RS07-01084MG   O7-01061 MG |
| 13 | |
| 14  CONTINENTAL INVESTMENT PROPERTIES, INC., a California | **CROSS-COMPLAINT FOR:** |
| 15  corporation, | 1.   **RICO - Violation of 18 U.S.C. § 1962(c);** |
| 16      Plaintiff (s), | 2.   **RICO - Violation of 18 U.S.C. § 1962(d) by Conspiracy to Violate 18 U.S.C. § 1962(c);** |
| 17  vs. | 3.   **Breach of Fiduciary Duty;** |
| 18  STEPHEN TURNER, an individual, | 4.   **Aiding and Abetting Breaches of Fiduciary Duties;** |
| 19      Defendant (s), | 5.   **Aiding and Abetting Fraud; and** |
| 20  FIRST AMERICAN TITLE COMPANY | 6.   **Aiding and Abetting Conversion.** |
| 21      Cross-Complainant. | |
| 22  Vs. | **[Jury Trial Demand]** |
| 23  CONTINENTAL INVESTMENT PROPERTIES, INC., | 7/9/07 |
| 24      Cross-Defendant. | 10:00 AM |
| 25 | #301 |
| 26  CONTINENTAL INVESTMENT PROPERTIES, INC., a California | |
| 27  corporation, | |
| 28      Cross-Complainant, | |

1

310208.1

1

2    v.

3    STEPHEN TURNER, an individual;
     ANTHONY FERRANTE, an individual,
     and FIRST AMERICAN TITLE
4    COMPANY, a California corporation;
     WARWICK INVESTMENTS, L.P., a
5    California limited partnership,

6            Cross-Defendants.

7

8        COMES NOW Plaintiff, CONTINENTAL INVESTMENT PROPERTIES,

9    INC., a California corporation, ("CIPI") and alleges as follows:

10

11       Cross-Complainant, CIPI, by and through its attorneys, Gibbs, Giden, Locher &

12   Turner, LLP, as and for its Cross-Complaint (hereinafter "Cross-Complaint") against

13   the Cross-Defendants, with the allegations contained herein being asserted against

14   Cross-Defendants, Stephen Turner ("Turner"), First American Title Company

15   ("FATCO"), Anthony Ferrante ("Ferrante") and WARWICK INVESTMENTS, L.P.,

16   a California limited partnership ("Warwick"), alleges as follows:

17

18            **<u>BRIEF SUMMARY OF THE FACTS</u>**

19            **<u>UNDERLYING THE ACTION</u>**

20       1.    This action arose out of a scheme whereby the Cross-Defendants, and

21   each of them, acted together to defraud CIPI resulting in damages in an amount as of

22   yet undetermined, but in excess of One Million Five Hundred Thousand Dollars

23   ($1,500,000.00).

24

25       2.    CIPI is and at all times relevant was a California corporation which was

26   engaged in the business of purchasing, remodeling and re-selling residential properties

27   in the Palm Springs, California area.

28

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310208.1

3.    CIPI is informed and believes, and on that basis, alleges that a scheme to defraud CIPI was conceived by Mr. Turner in or around 2004. At that time, Mr. Turner was employed by CIPI as its President. As President of CIPI, Mr. Turner occupied a confidential and fiduciary relationship with CIPI which placed its trust and confidence in Mr. Turner and which relied upon Mr. Turner to represent CIPI's interests with undivided loyalty.

4.    On or about November 9, 2004, Mr. Turner allowed CIPI's corporate status to be suspended by the State of California by failing to ensure that CIPI's annual Statement of Information was filed in a timely manner.

5.    On or about November 16, 2004, Mr. Turner executed and recorded a Quitclaim Deed with the Recorder of Riverside County transferring all title and interest in and to the real property located at 1295 North Monte Vista in Palm Springs, California from himself to CIPI. Because the celebrity Peter Lawford once owned or resided in the property, it has and will be referred to herein as the "Lawford Property."

6.    CIPI is informed and believes, and on that basis alleges, that Mr. Ferrante is and at all times relevant was a resident of Palm Springs, California who maintained a close, personal relationship with Mr. Turner.

7.    CIPI is informed and believes, and on that basis alleges, that Mr. Turner began residing in the Carmel, California area in or about January 2005. While residing in Carmel, Mr. Turner developed a friendship or other relationship with employees of FATCO including, but not limited to Christine Chin.

8.    CIPI is informed and believes, and on that basis alleges, that on or about March 29, 2005 while he was still CIPI's President, Mr. Turner and Mr. Ferrante

GIBBS, GIDEN, LOCHER & TURNER LLP

3

310208 1

1   asked FATCO to set up an escrow account in connection with a purported sale of the

2   Lawford Property to Mr. Ferrante.  In response, FATCO prepared and transmitted

3   escrow instructions to Mr. Turner via The United States Mail which identified CIPI as

4   the seller and Mr. Ferrante as the buyer of the Lawford Property.  The purported sale

5   of the Lawford Property from CIPI to Mr. Ferrante was a total sham.  This fact was

6   known to Messrs. Turner and Ferrante at all times.  The escrow instructions were

7   executed by Mr. Ferrante and Mr. Turner and were returned to FATCO via United

8   States Mail.

9

10      9.    In connection with the escrow account and the purported sale, FATCO

11  prepared a preliminary title report relating to the Lawford Property on or about March

12  14, 2005.  The preliminary title report did not reflect the Quitclaim Deed which Mr.

13  Turner recorded in November of 2004 and, as such, reflected Stephen Turner as the

14  owner of the Lawford Property.

15

16      10.    On the same date, March 14, 2005, a purchase agreement relating to the

17  sham sale of the Lawford Property was executed by Mr. Turner on behalf of CIPI and

18  by Mr. Ferrante.

19

20      11.    CIPI is informed and believes, and on that basis alleges, that shortly

21  thereafter, Mr. Turner caused CIPI's funds to be transferred to a deposit account in

22  Palm Springs, California which was held in the name of Mr. Ferrante.  On or about

23  March 16, 2005, Mr. Ferrante and Mr. Turner opened said account and using Mr.

24  Ferrante's name and social security number, Mr. Turner had signatory power and full

25  access to and control over said account.  The foregoing account shall be referred to

26  hereinafter as the "Ferrante Business Account".  The sole purpose of the Ferrante

27  Business Account was to receive monies from CIPI accounts and divert those monies

28  to other ventures or accounts for the sole personal benefit of Mr. Ferrante and Mr.

GIBBS, GIDEN, LOCHER & TURNER LLP

4

310208 1

1  Turner.  Between March of 2005 and December of 2005, Mr. Turner used said

2  account, with Mr. Ferrante's knowledge and consent to take funds out of CIPI with

3  the ultimate purpose and result of taking said monies for his own personal uses. Said

4  transactions were perpetrated via wire transfers and various checks and other types of

5  withdrawals.

6

7      12.    At all times, both Mr. Ferrante and Mr. Turner maintained separate

8  personal independent deposit accounts to which they were the only signatories.

9

10     13.    Sometime during March, 2005, Mr. Turner caused over $500,000.00 of

11  CIPI monies to be wire transferred to Anthony Ferrante's personal account (not the

12  Ferrante Business Account), over which Mr. Ferrante was the sole signatory.

13  Thereafter, Anthony Ferrante initially deposited $75,000.00 in funds in the FATCO

14  Escrow Account from his own personal bank account.  Thereafter, Mr. Ferrante

15  deposited an additional sum of $475,000.00 into the FATCO Escrow Account, also

16  from his own personal account.

17

18     14.    CIPI is informed and believes, and on that basis alleges, that Mr. Ferrante

19  used some the monies described in the preceding paragraphs to deposit the sum of

20  $550,000.00 into the escrow account opened by FATCO in connection with the sham

21  sale of the Lawford Property.  This deposit was not made, however, until on or about

22  June 24, 2005.

23

24     15.    In the meantime, the shareholders of CIPI began to become suspicious of

25  Mr. Turner and requested accountings from Mr. Turner and other information

26  regarding the status of CIPI.  After Mr. Turner failed to provide adequate answers, the

27  shareholders and a director of CIPI began an investigation.  As the result of the

28  investigation, discovered that Mr. Turner had made numerous misrepresentations to

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310208.1

1    CIPI's shareholders regarding the status of CIPI and the use of its assets. At that time,

2    however, CIPI's shareholders were unaware of the purported sale of the Lawford

3    Property or of the escrow account set up by FATCO. Moreover, CIPI's shareholders

4    and director were unaware of the Ferrante Business Account.

5

6        16.     In or about June of 2005, the shareholders of CIPI unanimously

7    appointed a new board of directors which subsequently terminated Mr. Turner. On

8    June 9, 2005, CIPI's corporate status was revived and CIPI filed a Statement of

9    Information with the Secretary of State of California which indicated that Mr. Turner

10    was no longer an officer of CIPI.

11

12        17.     CIPI is informed and believes and based thereon alleges, that Mr.

13    Ferrante was aware that Mr. Turner had been terminated by CIPI.

14

15        18.     On June 21, 2005, CIPI initiated legal proceedings against Mr. Turner in

16    the Superior Court for the County of Riverside (the "Riverside County Action") and,

17    as a part of that litigation, recorded a lis pendens against the Lawford Property on June

18    22, 2005 with the Recorder of Riverside County.

19

20        19.     Some time in or about July 2005, written cancellation instructions

21    executed by both Mr. Ferrante and Mr. Turner were transmitted to FATCO indicating

22    specifically that the escrow was to be "terminated" and all funds held therein were to

23    be returned to Mr. Ferrante as the "Buyer."

24

25        20.     In or about August 2005, in direct contravention of the written

26    cancellation instructions, FATCO wire transferred $450,000.00 of the funds from

27    escrow directly to Mr. Turner's personal accounts. CIPI is informed and believes, and

28    based thereon alleges, that FATCO took these actions in response to verbal

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310208.1

GIBBS, GIDEN, LOCHER & TURNER LLP

1   instructions from Mr. Turner notwithstanding the fact that FATCO and its agents

2   Christine Chin, Hannah Brashear, Claudia Tapia and Cynthia Kinney knew that CIPI

3   was the purported seller, not Mr. Turner individually and without ever obtaining the

4   consent of Mr. Ferrante to disburse the funds in a manner inconsistent with the written

5   cancellation instructions.

6

7        21.   CIPI is informed and believes, and based thereon alleges that the

8   remaining $100,000.00 in the Escrow Account was wire transferred by FATCO to the

9   Ferrante Business Account.  Said funds were immediately removed from the Ferrante

10  Business Account by Mr. Turner and used for his own individual purposes.

11

12       22.   CIPI is informed and believes, and based thereon alleges, that by the time

13  of the disbursements by FATCO to Mr. Turner, the relationship between Mr. Turner

14  and Mr. Ferrante had ended.

15

16       23.   CIPI is informed and believes and based thereon alleges, that if the

17  purchase transaction and FATCO escrow had closed pursuant to the initial escrow

18  instructions, FATCO would have released all funds directly into CIPI's accounts.

19  Further, CIPI is informed and believes and based thereon alleges, that if the written

20  cancellation instructions were followed properly, that FATCO would have released

21  funds directly to Mr. Ferrante's personal account, over which he had sole control, and

22  that Mr. Ferrante would have returned the monies to CIPI.  At the time the funds were

23  disbursed in connection with the FATCO escrow account, Judge Craig Reimer of the

24  Riverside County Superior Court had issued an injunction in the Riverside County

25  Action which froze all of CIPI's accounts and which mandated that all CIPI monies be

26  held pending the resolution or final disposition of the case.  Accordingly, if the funds

27  had been delivered by FATCO to the CIPI accounts, said funds would have been held

28

*CROSS-COMPLAINT*

310208.1

1    pending the outcome of the Riverside County Superior Court action.  Instead, the

2    funds were delivered to Mr. Turner who has either spent or hidden said funds.

3

4       24.    All Cross-Defendants named herein engaged in a scheme by which

5    CIPI's funds were essentially laundered through several accounts, including the

6    FATCO escrow account, and ultimately to Mr. Turner's personal accounts, thereby

7    damaging CIPI.

8

9       25.    As a precursor to the foregoing arrangements and as a part of the same

10   scheme, Mr. Ferrante opened an escrow with FATCO in July of 2004.  The escrow as

11   opened in connection with a purported transaction whereby Mr. Ferrante was to

12   purchase a parcel of real property in his own name.  Prior to the opening of escrow,

13   Mr. Turner caused $33,000.00 in CIPI funds to be transferred to Mr. Ferrante's

14   personal bank account, over which Mr. Ferrante had sole power.  As a part of the

15   transaction, Mr. Ferrante deposited $33,000.00 from his personal account (of CIPI

16   funds) into the escrow.  CIPI is informed that the underlying purchase transaction was

17   never completed and is further informed and believes and based thereon alleges that

18   FATCO returned the escrow funds to CIPI.

19

20      26.    Finally, through the conduct of an incomplete accounting and

21   investigation which was conducted in the context of the Riverside County Action,

22   CIPI has learned that funds in excess of $240,000.00 were transferred by CIPI to the

23   Ferrante Business Account during the year 2005.  None of these funds have been

24   properly accounted for and CIPI is informed and believes, and based thereon alleges,

25   that the funds were all transferred out of the Ferrante Business Account for the sole

26   benefit of Mr. Turner, with Mr. Ferrante's knowledge and consent.

27

28

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310208.1

27.    At no time did CIPI know of the arrangement between and among Mr. Turner, Mr. Ferrante and FATCO until well after the filing of the Riverside County Action. At no time did CIPI approve of the arrangement between and among Mr. Turner, Mr. Ferrante and FATCO, whereby Mr. Turner was permitted to abscond with CIPI's monies.

28.    Over the past seven years, Mr. Turner also developed personal relationships with certain officers, employees, agents and principals of Warwick. Warwick is purportedly in the business of providing financing secured by real property.

29.    CIPI is informed and believes, and on that basis alleges, that a scheme to defraud CIPI was conceived by Mr. Turner and Warwick within the last four years. The scheme was conceived while Mr. Turner was the President of CIPI and occupied a confidential and fiduciary relationship with CIPI.

30.    Specifically, Mr. Turner and Warwick concocted a scheme whereby Warwick would agree to loan monies to CIPI which were secured by CIPI properties, but which were actually personal loans to Mr. Turner. CIPI is informed and believes and based thereon alleges, that several such loans were consummated and that Warwick loaned said funds and took CIPI's corporate properties as security without the requisite corporate authorizations. All of the aforementioned transactions were done without the knowledge and consent of CIPI's shareholders and Board of Directors.

31.    One of the properties owned by CIPI is located at 550 Camino Sur, Palm Springs, California. Said property was purportedly once owned by a member of the

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

1  William Randolph Hearst family and therefore such property shall be hereinafter

2  referred to as the "Hearst Property".

3

4      32.   Notwithstanding the fact that Mr. Turner had been notified of his

5  termination as President of the Company no later than early June 2005, on or about

6  June 24, 2005, Mr. Turner obtained a $200,000.00 loan in the name of CIPI secured

7  by a second Deed of Trust from Warwick against the Hearst Property. Said loan

8  transaction closed on June 24, 2005. On that date (at least three days after the filing of

9  the Riverside County Action), Warwick transferred $183,662.20 directly from escrow

10  via wire transfer to the personal accounts of Mr. Turner. This transaction was

11  undertaken after CIPI had terminated Mr. Turner.

12

13      33.   The foregoing loan secured by a second Deed of Trust against the Hearst

14  Property was done without appropriate corporate authorization. Further, all proceeds

15  of said loan were delivered directly to Mr. Turner's personal accounts via wire

16  transfer notwithstanding the fact that the loan was allegedly a corporate loan.

17

18      34.   On or about November 15, 2004, Mr. Turner quitclaimed an improved

19  parcel of residential real property located at 587 Camino Sur in Palm Springs,

20  California, to CIPI. Said property has an abundance of palm trees situated on it and

21  will hereinafter be referred to as the "House of Palms Property". In December of

22  2004, Mr. Turner CIPI to obtain a $600,000.00 loan from WARWICK secured by a

23  second Deed of Trust against the House of Palms Property. CIPI is the sole obligor

24  under a Promissory Note memorializing said loan.

25

26      35.   CIPI is informed and believes and based thereon alleges, that said loan

27  was not authorized by the shareholders or the Board of Directors of CIPI and that

28  WARWICK did not request, require or obtain the appropriate corporate authorizations

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310208 1

in connection with said loan and the Promissory Note and second Deed of Trust in connection therewith.

36.    From the $583,919.20 in proceeds from said loan, $550,000.00 was transferred to Mr. Turner's personal account on January 13, 2005, just days after the loan against the House of Palms Property was funded.

37.    CIPI is also informed and believes and based thereon alleges, that Mr. Turner caused CIPI to obtain a third loan from Warwick in the amount of $330,000.00 which was secured by a second Deed of Trust against the Lawford Property. CIPI is informed and believes and based thereon alleges, that the proceeds of said loan were transmitted directly to Mr. Turner's personal accounts, notwithstanding the fact that the loan was purportedly a corporate loan. Moreover, CIPI is informed and believes and based thereon alleges, that Warwick did not request, require or obtain the proper corporate authorizations from CIPI in connection with the loan and the Promissory Note and second Deed of Trust against the Lawford Property in connection therewith. CIPI shareholders and Board of Directors were never advised of said loan and never approved of said loan.

38.    Mr. Turner used all of the proceeds of the three Warwick loans, totaling over $1,000.000.00 for his own personal use. Warwick participated in this scheme knowingly and/or recklessly facilitated Mr. Turner's theft of corporate assets and monies in connection with each of these loan transactions.

## NATURE OF THE ACTION

39.    This Complaint alleges, *inter alia*, violations under the *Racketeer Influenced and Corrupt Organizations Act* ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, and is brought by CIPI in connection with the scheme devised, conducted and/or

11

GIBBS, GIDEN, LOCHER & TURNER LLP

312208.1

1    participated in by the Cross-Defendants, Mr. Turner, Mr. Ferrante and FATCO, and

2    possibly others known and unknown.  Each of the aforementioned Cross-Defendants

3    engaged in a pattern of racketeering activity, and conspired to do so, all to the

4    detriment and damage of CIPI in an amount in excess of Five Hundred Thousand

5    Dollars ($500,000.00).

6

7        40.    This Complaint also alleges common law claims, including the

8    following:  (i) breach of fiduciary duty; (ii) aiding and abetting breaches of fiduciary

9    duties; (iii) aiding and abetting fraud; and, (iv) aiding and abetting conversion.

10

11       41.    The relief sought includes actual damages, punitive damages and treble

12   damages arising from the scheme to defraud CIPI set forth herein, cost of

13   investigation and suit, interest and attorneys' fees.

14

15                                      **JURISDICTION**

16       42.    This Court has jurisdiction over the claims for relief under 18 U.S.C.

17   §§ 1964(a) [RICO-Equity Relief] and 1964(c) [RICO-Right to Sue and Treble

18   Damages], and 28 U.S.C. §§ 1331 [Federal Question], and 1367(a) [Supplemental

19   Jurisdiction].

20

21                      **PERSONAL JURISDICTION AND VENUE**

22       43.    Personal jurisdiction and venue are predicated upon 18 U.S.C. § 1965(a)

23   and 28 U.S.C. § 1391(b), since the corporate cross-defendant, FATCO, is and was at

24   all times relevant, a corporation organized and doing business under the laws of the

25   State of California and the individual cross-defendants, Mr. Turner and Mr. Ferrante,

26   are residents of the Central District of California, and also since a substantial part of

27   the events or omissions giving rise to the claims occurred in the Central District of

28   California.

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310209 1

# PARTIES

## Cross-Complainant, Continental Investment Properties, Inc.

44.   Continental Investment Properties, Inc. is a corporation organized under the laws of the State of California with its principal place of business at 650 North Sepulveda Boulevard in Los Angeles County, within the Central District of California.

## Cross-Defendant, Stephen Turner

45.   Mr. Turner is an individual who was employed by CIPI from some time in 2000 to in or about May 2005.  CIPI is informed and believes, and on that basis alleges, that Mr. Turner currently resides in the State of California, in the County of Riverside, within the Central District of California.

## Cross-Defendant, Anthony Ferrante

46.   CIPI is informed and believes, and on that basis alleges, that Mr. Ferrante is an individual who currently resides in the State of California, in the County of Riverside, within the Central District of California.

## Cross-Defendant, First American Title Company

47.   CIPI is informed and believes, and on that basis alleges, that FATCO is a corporation organized under the laws of the State of California, with a place of business at 1 First American Way, Santa Ana, California  92707, in the County of Orange, within the Central District of California.

## Cross-Defendant, Warwick Investments, L.P.

48.   CIPI is informed and believes, and on that basis alleges, that Warwick is a limited partnership organized under the laws of the State of California, with a place

GIBBS, GIDEN, LOCHER & TURNER LLP

13

310208.1

of business at 345 F Street, Suite 230, Chula Vista, California 91910, in the County of

San Diego.

### Other Participants Known And Unknown

49.    In addition to the defendants named in this action, upon information and

belief, there were other parties, known and unknown, who participated in this scheme

as alleged herein.

## **FACTUAL ALLEGATIONS**

### The Ferrante and FATCO Enterprises

50.    Mr. Turner was employed by CIPI in 2000. Mr. Turner worked as the

President of CIPI until May 2005, at which time he was terminated by CIPI's Board

of Directors who discovered his malfeasance.

51.    In that capacity, Mr. Turner held a position of trust with CIPI and

supervised CIPI's purchase, remodel and resale of residential real property in the Palm

Springs, California area. While he was its President, CIPI focused upon investment in

unique architectural properties and other residential real estate with historic or other

significance.

52.    Based upon discovery and investigation conducted in connection with the

Riverside County Action, CIPI alleges that beginning sometime in 2004, Mr. Turner

engaged in a scheme with Mr. Ferrante and FATCO whereby Mr. Turner arranged for

a sham sale of the Lawford Property by CIPI to Mr. Ferrante through an escrow

maintained and controlled by FATCO in Monterey County, which in turn, released

over Five Hundred Thousand Dollars ($500,000.00) of CIPI's funds via wire transfer

or other means directly to Mr. Turner's personal accounts. In doing so, Mr. Turner,

Mr. Ferrante and FATCO acted in concert together to defraud CIPI. At no time did

14

GIBBS, GIDEN, LOCHER & TURNER LLP

310208.1

1 | Mr. Turner inform anyone employed by or associated with CIPI that he conducted

2 | these and other financial transactions with Mr. Ferrante or FATCO.

3

4 | 53.    Mr. Turner was not authorized by CIPI to enter into these transactions

5 | with Mr. Ferrante and FATCO on behalf of CIPI or to accept CIPI monies from Mr.

6 | Ferrante and FATCO, and Mr. Turner acted outside the scope of his duties when he

7 | did so. Indeed, Mr. Turner acted contrary to the well established policies and

8 | directives of CIPI, its shareholders and its board of directors.

9

10 | ## The Warwick Enterprise

11

12 | 54.    Based upon discovery and investigation conducted in connection with the

13 | Riverside County Superior Court Action, CIPI alleges that beginning sometime in

14 | 2004, Mr. Turner engaged in a scheme with Warwick, whereby Mr. Turner arranged

15 | for certain corporate loans secured by CIPI real property which were actually personal

16 | loans to Mr. Turner in disguise. These loans were given by Warwick and were

17 | delivered to the personal accounts of Mr. Turner. CIPI is informed and believes that

18 | the amount of the personal loans to Mr. Turner, which were disguised as corporate

19 | loans to CIPI, exceeded $1,000,000.00 in value. Said funds, which should have been

20 | delivered to CIPI for the benefit of CIPI, were delivered via wire transfer or other

21 | means, directly to Mr. Turner's personal accounts.   In doing so, Mr. Turner and

22 | Warwick acted in concert together to defraud CIPI. At no time did Mr. Turner inform

23 | anyone employed by or associated with CIPI that he conducted these and other

24 | financial transactions with Warwick.

25

26 | 55.    Mr. Turner was not authorized by CIPI to enter into these transactions

27 | with Warwick on behalf of CIPI or to accept CIPI monies from Warwick, and Mr.

28 | Turner acted outside the scope of his duties when he did so. Indeed, Mr. Turner acted

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310208 1

1  | contrary to the well established policies and directives of CIPI, its shareholders and its

2  | Board of Directors.

3  |

4  | ## CROSS- DEFENDANT TURNER ARRANGED FOR THE SHAM SALE AND

5  | ## THE BOGUS ESCROW WITH THE ASSISTANCE OF CROSS-DEFENDANTS

6  | ## FERRANTE AND FATCO

7  |     56.    In March 2005, Mr. Turner and Mr. Ferrante executed a purchase

8  | agreement which purported to memorialize Mr. Ferrante's agreement to purchase the

9  | Lawford Property from CIPI.  Both individuals knew at the time that CIPI monies

10 | would be transferred to a deposit account in Mr. Ferrante's name and would be used to

11 | fund any down payment in connection with the purported sale.

12 |

13 |     57.    At no time did Mr. Turner inform CIPI that he made the aforementioned

14 | arrangement with Mr. Ferrante.  To the contrary, CIPI is informed and believes, and

15 | on that basis alleges, that Cross-Defendants concealed the true nature of such sale

16 | because the sole purpose of the transaction was to transfer monies out of CIPI and into

17 | Mr. Turner's personal accounts.  As set forth above, at the time of the closing of the

18 | escrow in or about August 2005, FATCO made payments directly from the escrow to

19 | Mr. Turner's personal accounts pursuant to the scheme devised by Mr. Turner, Mr.

20 | Ferrante and FATCO by checks forwarded to Mr. Turner through the United States

21 | mail and or via wire transfers from FATCO's accounts to Mr. Turner's accounts.

22 | Instructions from Mr. Turner and Mr. Ferrante to FATCO memorializing the escrow

23 | and the payments to Mr. Turner were transmitted to and from Mr. Turner, Mr.

24 | Ferrante and FATCO through the mail, and by facsimile and electronic

25 | communications, in furtherance of a scheme which was facilitated and created by

26 | using postal service and interstate telephone lines in repeated violation of 18 U.S.C.

27 | § 1341 and 18 U.S.C. § 1343.

28 |

GIBBS, GIDEN, LOCHER & TURNER LLP

16

*CROSS-COMPLAINT*

310208.1

58.     Thereafter, upon information and belief, and based upon Mr. Turner's own testimony, the payment of monies owed to CIPI to Mr. Turner, as alleged herein, were made by Cross-Defendants, Mr. Ferrante and/or FATCO.

## CROSS-DEFENDANT TURNER ARRANGED FOR THE PERSONAL LOANS WHICH WERE DISGUISED AS CORPORATE LOANS TO CIPI WITH THE ASSISTANCE OF CROSS-DEFENDANT WARWICK

59.     On various dates in 2004 and 2005 Mr. Turner submitted loan applications to Warwick and executed loan documents prepared by Warwick which purported to memorialize CIPI's agreement to borrow monies from Warwick, said loans which were secured by CIPI's properties known as the Lawford Property, the Hearst Property, and the House of Palms Property.  CIPI is informed and believes and based thereon alleges, that both Mr. Turner and Warwick knew at the time of each loan that CIPI monies (the loan proceeds) would be transferred to deposit accounts which were held in Mr. Turner's name and which were personal accounts of Mr. Turner.

60.     At no time did Mr. Turner inform CIPI, its shareholders or its Board of Directors, that he made the aforementioned arrangement with Warwick.  To the contrary, CIPI is informed and believes, and on that basis alleges, that Cross-Defendants concealed the true nature of such loans because the sole purpose of each loan was to transfer monies and/or property out of CIPI and into Mr. Turner's personal accounts.  As set forth above, at the time of the closing of the various loans, funds were transferred directly from escrow to Mr. Turner's personal accounts pursuant to the scheme devised by Mr. Turner and assisted by Warwick.  Instructions from Mr. Turner to Warwick and documents memorializing the escrow, the loan, the note, the security and the payments were delivered from Warwick through the mail,

17

*CROSS-COMPLAINT*

GIBBS, GIDEN, LOCHER & TURNER LLP

and by facsimile and electronic communications, in furtherance of a scheme which

was facilitated and created by using postal service and interstate telephone lines in

repeated violation of 18 U.S.C. Section 1341 and 18 U.S.C. Section 1843.

61.    Thereafter, upon information and belief, and based upon Mr. Turner's

own testimony and admissions in the Riverside County Action, the payment of monies

owed to CIPI to Mr. Turner, as alleged herein, were made by Warwick.

## RICO ALLEGATIONS

62.    CIPI is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and

1964(c).

63.    Each and every one of the cross-defendants and other participants, known

and unknown, are and at all times relevant, have been a "person" within the meaning

of 18 U.S.C. §§ 1961(3) and 1964(c).

64.    Each and every one of the cross-defendants and other participants, known

and unknown, were at all times alleged herein an "enterprise" associated in fact

(hereinafter referred to as the "Turner/Ferrante Enterprise") within the meaning of 18

U.S.C. §§ 1961(4) and 1962, which enterprise was engaged in and the activities of

which affected interstate commerce at the relevant times.

### RICO Predicate Acts (The Racketeering Activity)

65.    For the purpose of executing, attempting to execute and in furtherance of

the above described scheme, during the year 2005, inclusive, Cross-Defendants and

other participants, known and unknown, knowingly and repeatedly placed and caused

to be placed in the post office or authorized depository for mail, purchase agreements,

escrow instructions and supporting documentation, checks, and things to be delivered

18

GIBBS, GIDEN, LOCHER & TURNER LLP

310208.1

1  and sent by the United States Postal Service, and took or received therefrom such

2  things, in repeated violation of 18 U.S.C. § 1341.

3

4      66.    For the purpose of executing, attempting to execute and in furtherance of

5  the above-described scheme, during the year 2005, inclusive, Cross-Defendants and

6  other participants, known and unknown, knowingly and repeatedly transmitted or

7  caused to be transmitted telephone, facsimile and electronic communications, and

8  made other uses of wire services in repeated violation of 18 U.S.C. § 1343.

9

10      67.    Each violation of the aforesaid statutes by Cross-Defendants and other

11  participants, known and unknown, of 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire

12  fraud), constitutes an instance of "racketeering activity" within the meaning of 18

13  U.S.C. § 1961(1).

14

15      68.    The multiple acts of racketeering activity by Cross-Defendants were

16  interrelated and part of a common and continuous pattern of fraudulent schemes which

17  had a real threat of continuing, thus constituting a "pattern of racketeering activity"

18  within the meaning of 18 U.S.C. § 1961(5).

19

20  ## FIRST CLAIM FOR RELIEF AGAINST CROSS-DEFENDANTS,

21  ## TURNER, FERRANTE AND FATCO

22  ### (RICO-Violation of 18 U.S.C. § 1962(c))

23      69.    CIPI repeats and realleges paragraphs 1 through 68, as though fully set

24  forth herein.

25

26      70.    By reason of the foregoing circumstances and events, each and every one

27  of the cross-defendants and other participants, known and unknown, unlawfully,

28  willfully and knowingly conducted and participated, directly or indirectly, in the

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310208 1

1  conduct of the affairs of the Ferrante and FATCO Enterprise through a pattern of

2  racketeering activity in violation of 18 U.S.C. § 1962(c).

3

4      71.    As the proximate cause of the conduct, CIPI has been injured in its

5  business or property in and as yet undetermined amount in excess of Five Hundred

6  Thousand Dollars ($500,000.00).

7

8      72.    The CIPI is entitled to recover three-fold the damages sustained as a

9  result of the scheme, together with attorneys' fees and costs, in accordance with 18

10  U.S.C. § 1964(c).

11

12  ## SECOND CLAIM FOR RELIEF AGAINST CROSS-DEFENDANTS,

13  ## TURNER AND WARWICK

14  ### (RICO-Violation of 18 U.S.C. § 1962(c))

15      73.    CIPI repeats and realleges paragraphs 1 through 72, as though fully set

16  forth herein.

17

18      74.    By reason of the foregoing circumstances and events, each and every one

19  of the cross-defendants and other participants, known and unknown, unlawfully,

20  willfully and knowingly conducted and participated, directly or indirectly, in the

21  conduct of the affairs of the Warwick Enterprise through a pattern of racketeering

22  activity in violation of 18 U.S.C. § 1962(c).

23

24      75.    As the proximate cause of the conduct, CIPI has been injured in its

25  business or property in and as yet undetermined amount in excess of One Million

26  Dollars ($1,000,000.00).

27

28

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310208.1

76.    The CIPI is entitled to recover three-fold the damages sustained as a result of the scheme, together with attorneys' fees and costs, in accordance with 18 U.S.C. § 1964(c).

## THIRD CLAIM FOR RELIEF AGAINST CROSS-DEFENDANTS, TURNER, FERRANTE AND FATCO

### (RICO-Violation of 18 U.S.C. § 1962(d) by Conspiracy to Violate 18 U.S.C. § 1962(c))

77.    CIPI repeats and realleges the allegations of paragraphs 1 through 76, as though fully set forth herein.

78.    By reason of the aforementioned circumstances and events, each and every one of the cross-defendants and other participants, known and unknown, unlawfully, willfully and knowingly conspired to violate the provisions of 18 U.S.C. § 1962(c) in violation of 18 U.S.C. § 1962(d) by unlawfully, willfully and knowingly conspiring to conduct and participate, directly or indirectly, in the conduct of the affairs of the Ferrante and FATCO Enterprises through a pattern of racketeering activity.

79.    As the proximate cause of that conduct, CIPI has been injured in its business or property in an as yet undetermined amount in excess of Five Hundred Thousand Dollars ($500,000.00).

80.    CIPI is entitled to recover three-fold the damages sustained as a result of the scheme, together with attorneys' fees and costs, in accordance with 18 *U.S.C.* § 1964(c).

*CROSS-COMPLAINT*

GIBBS, GIDEN, LOCHER & TURNER LLP

310208.1

## FOURTH CLAIM FOR RELIEF AGAINST CROSS-DEFENDANTS,

## TURNER AND WARWICK

### (RICO-Violation of 18 U.S.C. § 1962(d) by Conspiracy

### to Violate 18 U.S.C. § 1962(c))

81.    CIPI repeats and realleges the allegations of paragraphs 1 through 80, as though fully set forth herein.

82.    By reason of the aforementioned circumstances and events, each and every one of the cross-defendants and other participants, known and unknown, unlawfully, willfully and knowingly conspired to violate the provisions of 18 U.S.C. § 1962(c) in violation of 18 U.S.C. § 1962(d) by unlawfully, willfully and knowingly conspiring to conduct and participate, directly or indirectly, in the conduct of the affairs of the Warwick Enterprises through a pattern of racketeering activity.

83.    As the proximate cause of that conduct, CIPI has been injured in its business or property in an as yet undetermined amount in excess of One Million Dollars ($1,000,000.00).

84.    CIPI is entitled to recover three-fold the damages sustained as a result of the scheme, together with attorneys' fees and costs, in accordance with 18 *U.S.C.* § 1964(c).

## FIFTH CLAIM FOR RELIEF AGAINST

## AGAINST CROSS-DEFENDANT FATCO

### (Breach of Fiduciary Duty)

85.    Plaintiff repeats and realleges paragraphs 1 through 80, as though fully set forth herein.

GIBBS, GIDEN, LOCHER & TURNER LLP

22

*CROSS-COMPLAINT*

310208 1

86.    By reason of its status as an escrow holder and its contractual relationship with CIPI pursuant to the escrow, FATCO owed CIPI a fiduciary duty and a duty of loyalty and was required to avoid self-dealing and diversion of CIPI's assets.

87.    By virtue of its relationship with CIPI, FATCO was under an obligation to act in the best interests of CIPI and abide by CIPI's express written instructions. Among other duties, FATCO had a fiduciary duty to refrain from acting contrary to CIPI's written instructions and releasing payments in contravention of the written instructions which it received from CIPI. Moreover, FATCO had a duty to perform fully and diligently all the duties devolving upon it as an escrow holder.

88.    As set forth herein, FATCO has breached his fiduciary duties owed to CIPI. FATCO has failed to perform the fiduciary duties imposed upon it, and it did not give proper care or oversight to the escrow and CIPI's monies and neglected the same; but on the contrary, Cross-Defendant, FATCO, knowingly and fraudulently permitted monies of CIPI to be taken, wasted, and squandered, and transferred the monies of CIPI to Mr. Turner for his own personal account and for his own personal use and benefit and to the detriment of CIPI, Mr. Turner and FATCO accomplished the above by engaging in a deliberate course of conduct and scheme.

89.    At all times relevant herein, CIPI placed the utmost trust, faith and confidence in FATCO and relied upon it to faithfully represent its interests in the performance of its duties as escrow holder and not to abuse the trust and confidence place upon it.

90.    FATCO breached the fiduciary duties which it owed to CIPI by, among other things, releasing monies to Mr. Turner in contravention of the written escrow

*CROSS-COMPLAINT*

310208 1

instructions and by engaging in the activities relating to its scheme with Mr. Ferrante and Mr. Turner, as set forth more fully above.

91.   By reason of the foregoing, FATCO's breach of the fiduciary duties have proximately caused damages to CIPI in an amount as of yet undetermined, but estimated to be in excess of Five Hundred Thousand Dollars ($500,000.00).

## SIXTH CLAIM FOR RELIEF AGAINST CROSS-DEFENDANTS, FERRANTE, FATCO AND WARWICK

### (For Aiding and Abetting Breaches of Fiduciary Duties)

92.   CIPI repeats and realleges paragraphs 1 through 44 and paragraphs 53 through 58, as though fully set forth herein.

93.   As set forth in several versions of the Complaint which CIPI filed in the Riverside County Action which is on file with the Court herein, Mr. Turner breached his fiduciary obligations to CIPI.

94.   Defendants, Mr. Ferrante, FATCO and Warwick, knowingly induced and participated in the breaches by Mr. Turner by providing substantial assistance to Mr. Turner, and Cross-Defendants had actual knowledge of the breaches of fiduciary duties by Mr. Turner.

95.   By reason of the foregoing, the aiding and abetting of the breaches of fiduciary duties has proximately caused damages to CIPI in an amount as of yet undetermined, but estimated to be in excess of One Million Five Hundred Thousand Dollars ($1,500,000.00).

GIBBS, GIDEN, LOCHER & TURNER LLP

24

*CROSS-COMPLAINT*

310208 1

GIBBS, GIDEN, LOCHER & TURNER LLP

## SEVENTH CLAIM FOR RELIEF AGAINST CROSS-DEFENDANTS,
## FERRANTE, FATCO AND WARWICK
### (For Aiding and Abetting Fraud)

96.     CIPI repeats and realleges paragraphs 1 through 44, as though fully set forth herein.

97.     In furtherance of the scheme to defraud CIPI as set forth above, Cross-Defendants, Mr. Ferrante, FATCO and Warwick, and each and every other participants unknown at the time of the filing of this Cross-Complaint, entered into a conspiracy without the knowledge of and to defraud CIPI.

98.     Defendants, Mr. Ferrante, FATCO and Warwick knowingly induced and participated in the conspiracy to defraud CIPI by providing substantial assistance to Mr. Turner and other participants unknown to CIPI at the time of this Cross-Complaint as set forth herein and Mr. Ferrante, FATCO and Warwick had actual knowledge of and actively participated in the conspiracy to defraud CIPI.

99.     By reason of the foregoing, the aiding and abetting of the fraudulent scheme, Mr. Ferrante, FATCO and Warwick have proximately caused damages to CIPI in the amount as of yet undetermined, but estimated to be in excess of One Million Five Hundred Thousand Dollars ($1,500,000.00).

## EIGHTH CLAIM FOR RELIEF AGAINST CROSS-DEFENDANTS,
## FERRANTE, FATCO AND WARWICK
### (For Aiding and Abetting Conversion)

100.    CIPI repeats and realleges paragraphs 1 through 95, as though fully set forth herein.

25

*CROSS-COMPLAINT*

310208 1

1    101.   As set forth herein, Cross-Defendant, Mr. Turner, wrongfully converted

2    to his own use money stolen from CIPI through the fraudulent scheme by wrongfully

3    retaining that money, and conspired to do so.

4

5    102.   Mr. Ferrante, FATCO and Warwick knowingly induced and participated

6    in the wrongful conversion of the money stolen from Plaintiff by virtue of their active

7    participation in the fraudulent conspiracy. Mr. Ferrante, FATCO and Warwick knew

8    the funds stolen from CIPI through the fraudulent scheme belonged to CIPI and were

9    wrongfully misappropriated by Mr. Turner and other participants unknown at the time

10   of the filing of this Complaint.

11

12   103.   CIPI has been damaged as a result of the conversion and Mr. Ferrante's

13   and FATCO and Warwick's aiding and abetting of the conversion in an undetermined

14   amount in excess of One Million Five Hundred Thousand Dollars ($1,500,000.00).

15

16

17   **WHEREFORE**, Plaintiff demands judgment against Cross-Defendants, as

18   follows:

19   104.   Against Cross-Defendants Turner, Ferrante and FATCO, jointly and

20   severally, in an undetermined amount in excess of Five Hundred Thousand Dollars

21   ($500,000.00), plus interest, upon the First Claim for Relief for violation of 18 U.S.C.

22   § 1962(c), the sum duly trebled in accordance with 18 U.S.C. § 1964(c), and for the

23   cost of the suit including reasonable attorneys' fees in accordance with 18 U.S.C.

24   § 1963(c);

25

26   105.   Against Cross-Defendants Turner and Warwick jointly and severally in

27   an undetermined amount in excess of One Million Dollars ($1,000,000.00), plus

28   interest, upon the Second Claim for Relief for violation of 18 U.S.C. § 1962(c), the

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310208.1

1 | sum duly trebled in accordance with 18 U.S.C. § 1964(c), and for the cost of the suit

2 | including reasonable attorneys' fees in accordance with 18 U.S.C. § 1963(c);

3 |

4 | 106.   Against Cross-Defendants Turner, Ferrante and FATCO, jointly and

5 | severally, in an undetermined amount in excess of Five Hundred Thousand Dollars

6 | ($500,000.00), plus interest, upon the Third Claim for Relief for violation of 18

7 | U.S.C. § 1962(d) by conspiracy to violate 18 U.S.C. § 1962(c), the sum duly trebled

8 | in accordance with 18 U.S.C. § 1964(c), and for the cost and suit including reasonable

9 | attorneys' fees in accordance with 18 U.S.C. § 1964(c);

10 |

11 | 107.   Against Cross-Defendants Turner and Warwick, jointly and severally, in

12 | an undetermined amount in excess of One Million Dollars ($1,000,000.00), plus

13 | interest, upon the Fourth Claim for Relief for violation of 18 U.S.C. § 1962(d) by

14 | conspiracy to violate 18 U.S.C. § 1962(c), the sum duly trebled in accordance with 18

15 | U.S.C. § 1964(c), and for the cost and suit including reasonable attorneys' fees in

16 | accordance with 18 U.S.C. § 1964(c);

17 |

18 | 108.   Against Cross-Defendant, FATCO, in an undetermined amount in excess

19 | of Five Hundred Thousand Dollars ($1,500,000.00), plus interest, for the Fifth Claim

20 | for Relief alleging breach of fiduciary duties, plus the cost and disbursements of this

21 | action, including reasonable attorneys' fees;

22 |

23 | 109.   Against Cross-Defendants, Ferrante, FATCO and Warwick, jointly and

24 | severally, in an undetermined amount in excess of One Million Five Hundred

25 | Thousand Dollars ($1,500,000.00), plus interest for the Sixth Claim for Relief, plus

26 | the costs and disbursement of this action, including reasonable attorneys' fees;

27 |

28 |

GIBBS, GIDEN, LOCHER & TURNER LLP

*CROSS-COMPLAINT*

310208.1

1    110.    Against Cross-Defendants, Ferrante, FATCO and Warwick, jointly and

2    severally, in an undetermined amount in excess of One Million Five Hundred

3    Thousand Dollars ($1,500,000.00), plus interest for the Seventh Claim for Relief

4    alleging aiding and abetting fraud, plus punitive damages, and for the costs and

5    disbursement of this action, including reasonable attorneys' fees;

6

7    111.    Against Cross-Defendants, Ferrante, FATCO and Warwick, jointly and

8    severally, in an undetermined amount not less than One Million Five Hundred

9    Thousand Dollars ($1,500,000.00), plus interest, for the Eighth Claim for Relief

10    alleging aiding and abetting conversion, plus punitive damages and for the cost and

11    disbursements of this action, including reasonable attorneys' fees; and

12

13    112.    That Plaintiff have such other and further relief as the Court seems just

14    and proper, together with cost and disbursements of this action, including but not

15    limited to the costs of expert witnesses and the costs of other professionals to be

16    employed with respect to the claim for an accounting.

17

18    Dated: May 1, 2007            GIBBS, GIDEN, LOCHER & TURNER LLP

19

20                        By:

21                            Alfred Fadel Esq.
                            Attorneys for Plaintiff,
22                            CONTINENTAL INVESTMENT PROPERTIES,
                            INC.
23

24                **DEMAND FOR JURY TRIAL**

25        Plaintiff hereby demands a jury trial in this action.

26

27    **Dated:** _May 1, 2007_

28                        **Alfred Fadel**

GIBBS, GIDEN, LOCHER & TURNER LLP

310208.1

GIBBS, GIDEN, LOCHER & TURNER LLP

**PROOF OF SERVICE**
**In Re Stephen Turner**
**USBC Case No. RS06-13841-MG**
**Adv. Case No. RS07-1061MG**

I, Tina Halvorson, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Gibbs, Giden, Locher & Turner LLP, One Century Plaza, 34th Floor, 2029 Century Park East, Los Angeles, California 90067-3039. On May 1, 2007 I served the document(s) described as: **CONTINENTAL INVESTMENT PROPERTIES, INC.'S CROSS-COMPLAINT TO FIRST AMERICAN TITLE COMPANY** on the interested parties in this action as follows:

☒ By placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒        BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 2029 Century Park East, Los Angeles, California 90067-3039 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Gibbs, Giden, Locher & Turner, One Century Plaza, 34th Floor, 2029 Century Park East, Los Angeles, California 90067-3039.

☐        OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS   ☐ UPS   ☐ Overnight Delivery [specify name of service:        ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS ☐ UPS ☐ OVERNIGHT DELIVERY [specify name of service:        ] authorized to receive documents at Gibbs, Giden, Locher & Turner, One Century Plaza, 34th Floor, 2029 Century Park East, Los Angeles, California 90067-3039 with delivery fees fully provided for.

☐        BY FACSIMILE: I sent via facsimile a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒        [Federal]    I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 1, 2007, 2006, at Los Angeles, California.

Tina Halvorson

309185.1

**GIBBS, GIDEN, LOCHER & TURNER LLP**

1

## SERVICE LIST

| | |
|---|---|
| Robert J. Feldhake, Esq.<br>Kevin E. Mueller, Esq.<br>Kelly E. Broedlow, Esq.<br>THE FELDHAKE LAW FIRM, APC<br>19900 MacArthur Boulevard, Suite 850<br>Irvine, CA 92612<br>Tel: (949) 553-5000<br>Fax: (949) 553-5098 | **Attorney for STEPHEN TURNER** |
| Terrance W. Stowe, Esq.<br>18101 Von Karman Avenue, Suite 440<br>Irvine, CA 92612<br>Tel: (949) 724-1711<br>Fax: (949) 724-1754 | **Attorney for WARWICK INVESTMENTS, L.P.** |
| Thomas Slovak, Esq.<br>Charles L. Gallagher, Esq.<br>SLOVAK, BARON & EMPEY, LLP<br>1800 E. Tahquitz Canyon Way<br>Palm Springs, CA  92262-7104<br>Tel: (760) 322-2275<br>Fax: (760) 322-2107 | **Attorney for ANTHONY FERRANTE** |
| Jeffrey Lowenthal, Esq.<br>STEYER,LOWENTHAL ROODOOKAS<br>1 California Street, Suite 2200<br>San Francisco, CA  94111<br>Tel:  (415) 421-3400<br>Fax:  (415) 421-2234 | **Attorneys for FIRST AMERICAN TITLE COMPANY** |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

309185.1